UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re

Charlene Quarrell Wood,
Brenard Wood,

Debtor(s).   No.13-11284

_____ **Chapter 13 Plan**
__Second__ *(First, Second, etc.)* **Amended Plan**
_____ **Includes Additional Provisions in Section 12**

YOU SHOULD READ THIS PLAN CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.

TO RECEIVE PAYMENT PURSUANT TO THIS PLAN, YOU MUST FILE A PROOF OF CLAIM.

CONFIRMATION OF THIS PLAN BY THE BANKRUPTCY COURT MAY MODIFY YOUR RIGHTS BY PROVIDING FOR PAYMENT OF LESS THAN THE FULL AMOUNT OF YOUR CLAIM AND/OR BY SETTING OR CHANGING THE INTEREST RATE ON YOUR CLAIM.

ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A TIMELY WRITTEN OBJECTION.

THIS PLAN MAY BE CONFIRMED WITHOUT FURTHER NOTICE OR HEARING UNLESS A WRITTEN OBJECTION IS FILED BEFORE THE DEADLINE STATED ON THE SEPARATE NOTICE OF DEADLINE FOR FILING OBJECTIONS.

Unless otherwise noted, all statutory references below are to title 11 of the United States Code (the Bankruptcy Code), rule references are to the Federal Rules of Bankruptcy Procedure, all references to "Court" are to the "United States Bankruptcy Court for the District of New Mexico," and the term "debtor" refers to an individual debtor or debtors in joint cases.

Confirmation of this plan shall constitute a finding by the Court that the debtor has fully and timely satisfied all requirements of section 521(a)(1).

Debtor proposes this chapter 13 plan:

**1   PLAN PAYMENTS**

**1.1   Payments** Debtor shall pay $ __494.45__ per month for a period of __60__ months. Debtor will make additional payments and/or will make a balloon payment in the last

month of the plan term, if necessary, to provide for full payment under the terms of this plan.

**Other Contributions** Debtor shall also make these other contributions to the plan (such as tax refunds, sales proceeds):

_____
_____
_____.

1.3  **Funds Recovered by Trustee** Any funds recovered by the trustee shall be contributed to the plan in addition to the plan payments specified herein unless otherwise ordered by the Court.

1.4  **First Payment Due** The debtor shall make the first plan payment to the trustee on or before  May 15, 2013  (which is no later than thirty (30) days after the order for relief, pursuant to section 1326(a)(1)).

1.5  **Method of Payment:**

   **X**  The debtor shall make plan payments, payable to the chapter 13 trustee, directly to Kelley Skehen, Chapter 13 Trustee, PO Box 454, Memphis, TN 38101-0454. Each plan payment must include the debtor's name and case number.

   ____  The debtor shall make plan payments by voluntary payroll deduction. Until such payroll deduction order is in effect, the debtor is responsible for making timely plan payments to the chapter 13 trustee.

   After the Court confirms the plan, the payment provisions of the plan remain in effect until further order of the Court.

1.6  **Plan Term.** The term of this plan shall not exceed sixty (60) months.

2    **CLAIMS GENERALLY**

UNLESS OTHERWISE ORDERED BY THE COURT, THE TRUSTEE SHALL ONLY DISTRIBUTE PAYMENTS TO CREDITORS WHO HAVE FILED A PROOF OF CLAIM.

AN ALLOWED PROOF OF CLAIM WILL BE CONTROLLING, UNLESS THE COURT ORDERS OTHERWISE. A CLAIM WILL BE ALLOWED UNLESS OBJECTED TO.

THE TRUSTEE WILL NOT MAKE DISTRIBUTION TO A CREDITOR UNDER THE PROVISIONS OF THIS PLAN IF THE CREDITOR DOES NOT HAVE AN ALLOWED

CLAIM ON FILE WITH THE COURT. OTHER PARTIES MAY FILE A PROOF OF CLAIM ON BEHALF OF A CREDITOR AS ALLOWED UNDER THE BANKRUPTCY CODE AND RULES.

OBJECTIONS TO CLAIMS MAY BE FILED BEFORE OR AFTER CONFIRMATION.

2.1 **Address for Payments** The trustee shall mail payments to the address provided on the proof of claim unless the claimant files with the Court an amended proof of claim or change of address. If the claim is assigned or transferred, the trustee shall continue to remit to the original claimant until an assignment or transfer of claim is filed with the Court and becomes effective pursuant to the provisions of Fed. R. Bankr. P. 3001.

2.2 **Distribution Suspended on Claims Where Stay Lifted Pending Filing of Amended Claim** If at any time during the term of the plan the automatic stay is terminated or lifted by order of the Court with respect to any secured claim being paid by the chapter 13 trustee, unless the Court orders otherwise, the trustee shall cease making any distribution to the claimant under the provisions of the plan until such time as the claimant files an amended proof of claim for any deficiency. Any allowed deficiency claim shall be treated as a non-priority unsecured claim to the extent funds are available for the remainder of the plan.

2.3 **Late-filed Claims** Any priority or non-priority unsecured claim not timely filed is deemed provided for by confirmation of this plan and is deemed disallowed without further notice. Such claimant shall receive the sum of zero ($0.00) in full satisfaction of its claim.

2.4 **Objections to Claims** Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Fed. R. Bankr. P. 3001 or 3002. The debtor reserves the right to object to any proof of claim that is not filed in compliance with Fed. R. Bankr. P. 3001 and furthermore reserves any and all claims, causes of action, offsets, recoupments, or defenses the debtor may have with respect to any such claim.

Furthermore, to the extent a filed proof of claim is inconsistent with this plan or with any of the schedules or statements filed in this case, then and in that event the debtor reserves the right to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims.

To the extent the debtor raises an objection to a filed proof of claim or a transferred claim, then and in that event this plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated.

The debtor also reserves to the estate or the debtor all claims or causes of action he may have, could have or might have based on any claim filed in this case by any creditor,

Case 13-11284-t13    Doc 29    Filed 05/28/13    Entered 05/28/13 14:38:54 Page 3 of 11

assignee or transferee and nothing in this plan or in the schedules shall be deemed a waiver of any such claims or causes of action.

2.5 **Treatment of Claims** If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

2.6 **All Claims Reserved** Confirmation of this plan shall constitute a finding that the debtor does not waive, release or discharge but rather retains and reserves for him- or herself and the chapter 13 trustee any and all pre-petition claims and any and all post-petition claims that he or she could or might assert against any party or entity arising under or otherwise related to any applicable law or rules.

## 3 ADMINISTRATIVE CLAIMS

3.1 **Payment of Section 507(a)(2) Claims** Trustee will pay in full all allowed administrative claims and expenses pursuant to section 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    3.1.1 **Trustee's Fees** Trustee shall receive a percentage fee for each disbursement as fixed by the United States trustee pursuant to 28 U.S.C. section 586, not to exceed 10 percent.

    3.1.2 **Debtor's Attorney's Fees** The debtor's attorney's fees shall be paid as follows:

(1) Counsel for the debtor anticipates total attorney's fees and costs in an amount of at least $ 2,500.00_____, including gross receipts tax, and not including the filing fee ("pre-application fees");

(2) Counsel for the debtor shall be permitted to apply a pre-petition retainer ("retainer") for fees and costs received by counsel in the amount of $ 300.00 (not including the filing fee) to the pre-application fees;

(3) Upon confirmation, to the extent funds exist and are available for this purpose, the trustee shall distribute the difference between the pre-application fees and the retainer to counsel for the debtor pending the filing and allowance of a fee application;

(4) Within fifteen (15) days after confirmation of the plan, counsel for the debtor shall file a fee application for all services rendered and costs incurred up to and including confirmation;

(5) Any fees requested in addition to the pre-application fees shall be paid by the trustee only after approval by the Court; and

(6) In the event that the fees approved by the Court are less than the pre-application fees paid to counsel by the debtor, trustee or otherwise, then counsel for the debtor shall remit to the trustee the difference between the pre-application fees and the amount awarded.

**3.1.3 Other Administrative Claims:** *(Describe treatment)*

_____

_____

_____

_____ .

**4  SECURED CLAIMS AND ADEQUATE PROTECTION PAYMENTS**

**4.1  Adequate Protection Payments by Trustee**  Other than secured claims that are to be paid directly by the debtor and secured claims that are not entitled to adequate protection, the trustee shall pay allowed secured claims (as set forth below) in monthly amounts sufficient to provide adequate protection. Payments distributed by the trustee are subject to the availability of funds.

**4.2  Adequate Protection Payment Methodology**  The trustee, on behalf of the debtor, will reserve pre-confirmation adequate protection payments for creditors being paid through this plan who hold purchase-money security interests in personal property, as identified below, and who have allowed proofs of claim on file with the Court.

The trustee shall disburse said adequate protection payments with the first post-confirmation distribution to creditors, except that the trustee shall <u>not</u> be required to provide for any pre-confirmation adequate protection payments on account of any allowed secured claim with a secured value of less than $2,000.00.

The adequate protection payments shall be equal to <u>10%</u> percent of the allowed proof of claim for those creditors identified below as "in full" or <u>5%</u> percent of the value set forth below for those creditors identified below as "bifurcate" unless otherwise ordered by the Court.

Following confirmation of the plan, those creditors being paid adequate protection herein shall be paid: (a) adequate protection payments for a period of six (6) months from the date of the first plan payment due date; and (b) thereafter, the remaining balance to be amortized over the remaining term of the plan, as determined by the chapter 13 trustee.

**4.3  Failure to Object to Confirmation Constitutes Acceptance of Proposed Treatment of Claim**  To the extent that the valuation provisions of section 506 do <u>not</u> apply to any of the claims listed below, the creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to section 1325(a)(5)(A).

Case 13-11284-t13    Doc 29    Filed 05/28/13    Entered 05/28/13 14:38:54 Page 5 of 11

**4.4** **Treatment of Claims** For purposes of the plan, the treatment of each claim is specified below. Treatment shall be one of the following:

(1) *Direct* – direct payment by the debtor under the terms of the original agreement between the debtor and the creditor;
(2) *In full* – payment in full of the allowed secured claim by the chapter 13 trustee through the plan;
(3) *Bifurcate* – payment of the value of the collateral by the chapter 13 trustee through the plan based on the outcome of a separate motion to value the collateral which the debtor shall file, with the balance of the claim to be treated as a non-priority unsecured claim;
(4) *Surrender* – debtor will surrender the collateral (see section 4.4.1 below); or
(5) *Avoidance* – debtor shall file a separate motion to avoid lien.
(6) *Other* – see section 10 or section 12 below

| Creditor | Collateral | Value of Collateral | Estimated Claim Amt | Treatment | Interest Rate | Entitled to Adequate Protection/Equal Monthly Payments Y/N |
|---|---|---|---|---|---|---|
| 1. AAA Title | 2003 Chevy | $5,850.00 | $ 3,886.30 | Direct | 0% | N |
| 2. Bank of West | 2009 Chevy | $16,998.00 | $13,559.29 | Direct | 3% | Y |
| 3. Wells Fargo | Home | $240,000.00 | $112,439.52 | Direct |  | Y |
| 4. C. Bess | Home | $240,000.00 | $93,000.00 | Direct |  | Y |
| 5. Yamaha | 4-wheeler | $8,500.00 | $5,671.03 | Direct | 1.33% | Y |

**4.4.1** **Treatment is Surrender** If the treatment option for secured claims is "surrender," the debtor surrenders any interest in the collateral securing the claim of the specified creditors. Upon confirmation, the automatic stay will be deemed lifted as to the collateral and the creditor need not file a motion for relief from stay in order to repossess, foreclose upon, or sell the collateral. Nothing herein is intended to modify any applicable co-debtor stay or to adversely affect the debtor's applicable non-bankruptcy rights.

**4.4.2** **Debt Secured by Principal Residence** Except as otherwise provided in this plan, debtor will make all post-petition installment payments on debt secured by the principal residence in accordance with the terms of the contract.

**4.4.3** **Pre-petition Arrearages** Trustee will pay the pre-petition arrearages as set forth in an allowed proof of claim, with interest on the arrearages as set forth below, unless an objection to the proof of claim is filed and an order is entered modifying the arrearages amount and/or interest rate.

Estimated   Interest

Case 13-11284-t13   Doc 29   Filed 05/28/13   Entered 05/28/13 14:38:54 Page 6 of 11

| | Creditor | Collateral | Pre-Petition arrearages | Rate |
|---|---|---|---|---|
| 1. | C. Bess | Home | $500.00 | 0% |
| 2. | Bank of the West | 2009 Chevy Traverse | $1,578.48 | 0% |
| ** | Wells Fargo Home Mortgage | Home | $1,187.82 contingent if mortgage modification does not go through | |

**4.5** **Release of Security Interests** Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of this estate in bankruptcy for which the certificate of title is in the possession of the secured party, the secured party shall within 10 days after demand and, in any event, within 30 days of receipt of the notice of the entry of the discharge order, execute a release of its security interest on the said title or certificate, and mail or deliver the certificate and release to the debtor or the attorney for the debtor.

Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

This provision may be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction. Such an enforcement proceeding may be filed by the debtor in this case either before or after the entry of the discharge order and either before or after the closing of this case.

The debtor specifically reserves the right to file a motion to reopen this case under section 350 to pursue the rights and claims provided for herein. The provisions of this paragraph are subject, as applicable, to the provisions of section 1325(a)(5).

**5** **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

By separate motion, debtor shall request the assumption or rejection of the following executory contracts and/or unexpired leases under the terms set out in the original agreement. Post-petition payments on executory contracts and/or unexpired leases that are assumed shall be paid directly by the debtor. Debtor proposes to cure any defaults on assumed executory contracts and/or unexpired leases by paying, through the trustee, the estimated amount of default at the interest rate set out below, at the same time that payments are made to secured claimants not required to be paid in equal monthly amounts.

| Creditor | Assumption or Rejection | Description of Lease or Executory Contract | Estimated Amount of Default, If Any | Interest Rate |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |

Chapter 13 Plan (4-20-11) Page 7 of 11

4.

## 6 PRIORITY CLAIMS

**6.1 Domestic Support Obligations (DSO)**

**6.1.1 Debtor Pays Directly** Debtor shall pay all post-petition DSO claims directly to the holder of the claim and not through the chapter 13 plan payments made to the chapter 13 trustee.

**6.1.2 Section 507(a)(1) Claims Paid by Trustee** Unless otherwise specified in this plan, priority claims under section 507(a)(1), whether or not listed herein, will be paid in full from plan payments made to the chapter 13 trustee.

| Name of DSO Priority Creditor | Basis for Priority | Estimated Priority Claim |
| --- | --- | --- |
| 1. Internal Revenue Service | Federal Taxes | $2,413.36 |
| 2. New Mexico Taxation & Revenue | State Taxes | $8,973.98 |
| 3. New Mexico Dept. of Workforce | Overpayment | $504.00 |

**6.2 Other Priority Claims** The trustee shall pay in full any allowed priority claim including, but not limited to, those listed herein. If there is no allowed claim for the following creditors, the trustee shall make no distribution to that creditor (see section 2.3).

| Name of Priority Creditor | Basis for Priority | Estimated Priority Claim |
| --- | --- | --- |

1.
2.
3.
4.

## 7 UNSECURED CLAIMS

**7.1 Best Interest of Creditors Test** In order to satisfy the "best interest of creditors test" set out in section 1325(a)(4), allowed priority and non-priority unsecured claims must receive a minimum of $25,189.14.

**7.2 Disposable Income Test** In order to satisfy the disposable income or projected disposable income test, holders of administrative expenses (including but not limited to debtor's attorney's fees and trustee fees), allowed priority claims, and allowed non-priority unsecured claims must receive a minimum of $29,971.80, plus income tax refunds if required under the plan or in the order confirming the plan.

Case 13-11284-t13    Doc 29    Filed 05/28/13    Entered 05/28/13 14:38:54 Page 8 of 11

**7.3 Allowed Non-priority Unsecured Claims** Notwithstanding the foregoing subsections 7.1 and 7.2, allowed non-priority unsecured claims will receive a *pro rata* share of amounts remaining, if any, after all other claims have been paid.

# 8 ORDER OF AND TIMING FOR DISTRIBUTIONS

**8.1 Distribution of Funds by Trustee** Other than those allowed claims being paid adequate protection and/or in equal monthly payments, classes of claims shall be paid in the following order:

| | |
|---|---|
| first | to allowed administrative claims, including attorney's fees; |
| second | to allowed secured claims not being paid in equal monthly amounts, such as arrearage claims, property taxes and default amounts on executory contracts/unexpired leases; |
| third | to allowed priority claims; |
| fourth | to allowed specially-classified claims, if any; and |
| fifth | to allowed non-priority unsecured claims as required. |

Within each class, claims shall be paid *pro rata*. The trustee's statutory fee shall be collected from each payment disbursed by the trustee regardless of whether it is paid pre- or post-confirmation.

**8.2 Conversion or Dismissal of Case Post-confirmation** In the event this case is converted to another chapter under the Bankruptcy Code or is dismissed after a plan has been confirmed, the chapter 13 trustee shall disburse all funds held in trust as of the date of the dismissal or conversion in accordance with the provisions of the plan, the order confirming the plan, and any subsequent Court-approved modifications thereto, without further notice, including paying any outstanding fee applications or fees owed to the Court.

# 9 REVESTMENT OF PROPERTY IN THE DEBTOR

**9.1 When Property of the Estate Revests in the Debtor** Property of the estate shall revest in the debtor (check one):

__X__ at the time of confirmation of the plan.

____ at discharge or dismissal of the case.

**9.2 Revesting of Property of the Estate Upon Conversion** In the event the case is converted to a case under chapter 7, 11, or 12 of title 11, United States Code, property of the estate shall vest in accordance with applicable law.

## 10 ADDITIONAL OR DIFFERENT PROVISIONS

*Use of some of these provisions may require more particularized service pursuant to Fed. R. Bankr. P. 7004(b).* If checked, the following additional provisions shall apply:

\_\_\_\_ **Injunctive Relief** (See Fed. R. Bankr. P. 2002(c)(3) and 7001(7)): *(Describe)*

_____
_____
_____
_____.

\_\_\_\_ **Avoidance of Wholly Unsecured Mortgage** *(Describe. Debtor will file or has filed a motion to obtain this relief.)*

_____
_____
_____

\_\_\_\_ **Allowed Specially-classified Unsecured Claims** The following specially-classified claims shall be paid in accordance with an allowed proof of claim.

| | Creditor | Basis for Special Classification | Estimated Claim Amount | Co-signer, if any |
|---|---|---|---|---|
| 1. | Deming Public Employer | | 1,736.80 | Lucy Quarrell |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

\_\_\_\_ **Bifurcation of Vehicle Claim (Negative Equity)** *(Describe)*

_____
_____
_____

## 11 CONFORMANCE TO FORM OF PLAN ON COURT'S WEBSITE

**No Changes from Form** The undersigned attorney or self-represented debtor verifies that the substantive provisions of sections 1 through 10 above **have not** been modified from the most recently revised form plan on the Court's website.

## 12 OTHER PROVISIONS

Chapter 13 Plan (4-20-11)                                                                 Page 10 of 11

Case 13-11284-t13    Doc 29    Filed 05/28/13    Entered 05/28/13 14:38:54 Page 10 of 11

Identify here any provisions which differ from or otherwise modify in any way the provisions in sections 1 through 10:

_____
_____
_____
_____
_____
_____.

_____ _____     _____ _____
Debtor                    Date          Joint Debtor              Date

SHERMAN & SHERMAN

 s/submitted electronically 5/24/13
Jakub F. Sherman
Attorney for Debtor
210 S. Silver Ave.
Deming, New Mexico 88030
Telephone: 575-546-8846
Facsimile: 575-546-8847
Jakub33@gmail.com

S:\EIMT\forms\external\ch13formplan.doc